FILED
United States Court of Appeals
Tenth Circuit

May 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

JACK DOWELL,

        Movant.

No. 13-1142
(D.C. Nos. 1:07-CV-02002-RPM &
1:01-CR-00395-RPM-3)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

---

Jack Dowell, proceeding pro se, moves for authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his convictions for destroying government property by fire and forcibly interfering with IRS employees and administration. (District of Colorado case No. 1:01-CR-00395-RPM). We deny the motion in part, and dismiss in part.

In 2007, Mr. Dowell filed a pro se § 2255 motion. He raised fifteen claims of ineffective assistance of counsel. The district court appointed counsel for him and held an evidentiary hearing. In a ruling from the bench following the evidentiary hearing, the district court denied the § 2255 motion. Mr. Dowell appealed, and this court denied him a certificate of appealability. *United States v. Dowell*, 388 F. App'x 781, 785 (10th Cir. 2010).

In his motion for authorization Mr. Dowell raises several complaints about the adequacy of the evidentiary hearing and the resulting judgment that he now wishes to

present to the district court. He cannot proceed with a second or successive § 2255 motion in district court without first being authorized by this court. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3). The threshold question is whether the claims he wants to raise are in fact second or successive § 2255 claims that require our authorization.

Mr. Dowell asserts that at the close of the evidentiary hearing, the district court made a ruling from the bench denying his § 2255 motion, but that in the course of that ruling, it failed to rule on several discrete ineffective assistance claims he had asserted in the motion. He identifies seven § 2255 claims asserting ineffective assistance of trial counsel that he says the district court never specifically ruled on:

> Counsel was constitutionally ineffective for failing to investigate, read discovery material, adequately cross-examine prosecution witnesses, and to impeach these witnesses with police reports and other available documents.
>
> Counsel was constitutionally ineffective by failing to object to the jury charge, verdict form, and presentation of evidence that constructively amended count one part two of the indictment.
>
> Counsel was constitutionally ineffective by failing to present evidence based on vertical ventilation practices, request a specific jury instruction on count one, question two, and a special verdict form to stay in compliance with the Fifth, and Sixth Amendments of the United States Constitution.
>
> Counsel was constitutionally ineffective by failing to file a timely pretrial motion to dismiss the *18 U.S.C. § 844(f)(2)* charge because it was obtained through the knowing use of perjured testimony that substantially influenced the grand jury to indict on *§ 844(f)(2)* count.
>
> Counsel . . . was constitutionally ineffective by failing to properly present and argue Mr. Dowell's motion to dismiss for lack of territorial jurisdiction, which Mr. Dowell had hand written, and delivered to, and requested counsel Reuler to type, edit and file.

> Counsel was constitutionally ineffective by failing to object to the pre-sentence report use of the 2002 Edition of the *USSG §2K1.4 and 2B1.1* to calculate Mr. Dowell's offense level for a crime that occurred on *May 3, 1997* because the 2002 Edition of those provisions increased the adjusted base offense level *by 4 additional levels* and *violates the ex post facto clause*.
>
> [Counsel's] cumulative errors and omissions deprived Mr. Dowell of his due process right to a fair trial and constitute ineffective assistance of counsel.

Memorandum, Doc. 558 at 12, 19, 22, 26, 30, 36-37, 39, No. 1:01-CR-00395-RPM (D. Colo. Sept. 24, 2007).

An authentic claim that the district court never made a ruling on one or more claims presented in a prior § 2255 motion is not second or successive. *See Peach v. United States*, 468 F.3d 1269, 1271-72 (10th Cir. 2006). No authorization is therefore required to raise such a claim in district court. That said, we have carefully reviewed Mr. Dowell's motion and the allegedly omitted claims to ensure that Mr. Dowell is in fact challenging the district court's alleged failure to decide his claims (a procedural error), rather than launching a disguised attack on *how* the district court decided his claims (a new or renewed attack on the merits).

In its bench ruling, the district court first made a general observation that trial counsel's "disciplinary issues, as well as his father's [disciplinary and health] situation . . . does not indicate that [counsel] was so distracted that he could not render effective assistance of counsel." Evidentiary Hr'g Tr., Case 1:01-CR-00395-RPM, doc. 623 at 55 (D. Colo. Apr. 8, 2010). It then described the procedural

history of the case, including the disposition of cases against Mr. Dowell's co-defendants, and briefly summarized what it viewed as the most important testimony presented at trial. In particular, the district court focused on testimony from Ronald Sherman, who testified against Mr. Dowell after reaching a plea agreement with the government. The district court concluded that "a fair inference is the jury believed Mr. Sherman's testimony" which "was very explicit and detailed with respect to the participation of [Mr. Dowell]." *Id.* at 56-57. Although one of Mr. Dowell's co-defendants was acquitted in a separate trial, also after testimony from Mr. Sherman, the district court noted that it "is not so unusual a circumstance where one jury believes a witness, and another jury doesn't, and the witness is key to the prosecution. And, that's the case here." *Id.* at 57. The district court then denied Mr. Dowell's motion without further comment.

The district court's comments were thus pitched at a fairly high level of generality and do not seem to have specifically addressed the procedural errors Mr. Dowell now complains were omitted from consideration. For purposes of this proceeding, we are satisfied that Mr. Dowell is asserting that the district court committed procedural error by failing to rule on the seven identified ineffective assistance claims asserted in his prior § 2255 motion, and that his claim does not represent a disguised attack on the merits. He does not require authorization to raise his claim that the district court failed to rule on these seven allegedly omitted

ineffective assistance claims. We express no opinion, however, concerning the merits of his claims.

Mr. Dowell also contends that the district court cut the evidentiary hearing short and failed to accord him an adequate hearing concerning his claims. While this claim overlaps to some degree with the previous claim, and concerns the same seven allegedly omitted § 2255 claims, as we read it Mr. Dowell is asserting he was denied an evidentiary hearing, and not merely a ruling, on these claims. To the extent he asserts that this omission was based on a procedural oversight (rather than the district court denying him an evidentiary hearing because it concluded the claims were meritless), his argument is not second or successive. *Cf. In re Lindsey*, 582 F.3d 1173, 1175-76 & n.1 (10th Cir. 2009) (distinguishing denial of evidentiary hearing on merits grounds, requiring authorization, from claim of true procedural error, which would not require authorization). Having reviewed the motion for authorization, we conclude that Mr. Dowell contends that the district court engaged in a procedural oversight, rather than denying him an evidentiary hearing because of a finding that the omitted claims were meritless. Therefore, no authorization is required to raise this claim. Again, we express no opinion concerning the merits of his claims.

Another claim asserted in Mr. Dowell's motion, however, does require authorization. He contends that appointed counsel who represented him in connection with the § 2255 motion provided constitutionally ineffective assistance in failing to present argument about his trial counsel's failure to argue for resentencing

based on a misapplication of the Sentencing Guidelines. This court may authorize Mr. Dowell's claim only if he has made a prima facie showing that the claim relies on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Mr. Dowell has failed to satisfy these factors. The resentencing claim is not based on "newly discovered evidence." He essentially admits that his appointed § 2255 counsel knew or should have known about the resentencing issue at the time of the evidentiary hearing. Furthermore, his claim relates to the length of his sentence, not innocence. Finally, his claim does not rely on any new rule of constitutional law made retroactive to cases on collateral review.[1]

---

[1] Mr. Dowell cites the Supreme Court's recent decision in *Martinez v. Ryan*, ___U.S.___, 132 S. Ct. 1309 (2012). *Martinez* announced only an exception to procedural default rules, not a "new rule of constitutional law." *See id.* at 1315 (stating that where "the initial-review collateral proceeding" provides "a prisoner's 'one and only appeal' as to an ineffective-assistance claim . . . this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings" but "[t]his is not the case . . . to resolve whether that exception exists *as a constitutional matter*") (emphasis added)). For this reason, *Martinez* does not provide Mr. Dowell with a basis for authorization. *See In re Sepulvado*, 707 F.3d 550, 554 (5th Cir. 2013) (recognizing that *Martinez* does not establish a new rule of constitutional law).

In sum, Mr. Dowell does not require authorization to pursue his claims that the district court failed to consider and to rule on certain claims asserted in his prior § 2255 motion. We therefore dismiss his motion concerning these claims as unnecessary. We deny his request for authorization as to his ineffective assistance claim. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

      Entered for the Court

      *Elisabeth A. Shumaker*

      ELISABETH A. SHUMAKER, Clerk